**FILED**
**Mar 07, 2019**
**01:39 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Barbara Bauknecht, | ) Docket No. 2018-06-2365 |
|       Employee, | ) |
| v. | ) |
| Five Star Quality Care, Inc., d/b/a | ) State File No. 50910-2018 |
| Morningside Assisted Living, | ) |
|       Employer, | ) |
| And | ) |
| Safety National Casualty Corp., | ) Judge Kenneth M. Switzer |
|       Carrier. | ) |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

The Court held an expedited hearing on March 7, 2019, on Barbara Bauknecht's entitlement to additional medical benefits (back surgery – fusion and laminectomy) from a work injury at Five Star Quality Care, d/b/a Morningside Assisted Living. She seeks an order that Five Star authorize the recommended surgery. Because Ms. Bauknecht met her burden to show that the surgery is medically necessary, the Court grants the requested relief.

### History of Claim

Ms. Bauknecht worked at Five Star's assisted living facility. The job entails occasionally lifting patients weighing as much as 200 pounds or more. She testified that on July 4, 2018, she saw a coworker attempting to prevent a large patient's fall. She went to assist, and while doing so felt a sudden "pop" in her low back.

Five Star accepted the claim, and Dr. Edward Mackey provided authorized treatment. Ms. Bauknecht introduced medical records from two visits with him. On October 24, Dr. Mackey diagnosed left-side sciatica; other intervertebral disc degeneration, lumbar region; and low-back pain. He recommended physical therapy and surgery, explaining:

1

She has progressive weakness and she is falling. Her symptoms are certainly consistent with the stenosis and disc protrusion at the L4-L5 level. I have recommended Medrol Dosepak as well as [a] flexion exercise program. I do not believe that nonoperative management will be successful, so I have gone ahead and written orders for decompressive laminectomy and fusion. She will need bilateral facetectomies at L4-L5 level given the amount of foraminal stenosis she has[,] and this will make her unstable. I agree with the recommendations for fusion and . . . laminectomy at 4-5 level.

Records from the next visit on November 21 indicate that the carrier denied the surgery.[1] In the meantime, Ms. Bauknecht took the Medrol Dosepak and participated in physical therapy. She attended seven sessions, which she said did not alleviate her pain. Ms. Bauknecht testified that, over the course of her treatment, Dr. Mackey examined her and reviewed x-rays and MRI results with her. Since becoming injured, her low-back pain has gradually worsened.

Five Star presented no medical evidence in opposition to Dr. Mackey's recommended surgical treatment.

### Findings of Fact and Conclusions of Law

At an expedited hearing, Ms. Bauknecht must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Five Star argued that the proposed surgery is not reasonably necessary. The Court disagrees. A review of Dr. Mackey's records shows that he examined Ms. Bauknecht and considered the results of objective testing. Although he did not believe non-operative management would be successful, he prescribed a Medrol Dosepak and physical therapy. He believed surgery to be her only option.

Tennessee Code Annotated section 50-6-204(a)(3)(H) provides that any treatment recommended by a panel-selected physician is presumed medically necessary. It is undisputed that Dr. Mackey is the authorized treating physician, and Five Star offered no contrary medical proof to rebut the presumption. Thus, the Court holds that Ms. Bauknecht is likely to prevail at a hearing on the merits regarding the recommended surgery and grants her request.

---

[1] Five Star attempted to introduce the Affidavit of Dr. Robert Snyder into evidence, presumably in support of a utilization review report and appeal decision. Ms. Bauknecht objected, arguing that Five Star failed to file the affidavit more than ten business days before the date of the expedited hearing as required by Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(b) (May, 2018). The Court sustained the objection.

**IT IS, THEREFORE, ORDERED** as follows:

1. Five Star shall immediately authorize the recommended surgery.

2. This matter is set for a Scheduling Hearing on **May 6, 2019, at 9:00 a.m. Central Time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call might result in a determination of the issues without your participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED March 7, 2019.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Ms. Bauknecht's Affidavit
2. Wage statement
3. Composite medical records

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Expedited Hearing Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to these recipients by the following methods of service on March 7, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Stephan Karr, employee's lawyer | | | x | steve@flexerlaw.com<br>monica@flexerlaw.com |
| Carolina Martin, Kenny Veit, employer's lawyers | | | x | Carolina.martin@leitnerfirm.com<br>Kenny.veit@leitnerfirm.com<br>Lisa.chapman@leitnerfirm.com |

_Penny Shrum_

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____   SF#: _____   DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee


Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***


## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___


[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone        $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing         $ _____ per month

Gas              $ _____ per month    Child Care       $ _____ per month

Transportation  $ _____ per month    Child Support   $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____    (FMV) _____

Other                 $ _____    Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____        _____

_____        _____

_____        _____

_____        _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____